# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re HELEN HOWARD BUILDER,<br><br><br><br>Debtors. | Chapter 7 Proceedings<br>Case No. 2-05-21148-PHX-CGC<br><br>UNDER ADVISEMENT DECISION<br>RE: TRUSTEE'S MOTION TO<br>COMPEL TURNOVER |

Trustee Lawrence J. Warfield seeks turnover of Debtor Helen Builder's 2005 federal tax refund of $2,725. Debtor, who is appearing *pro se* with respect to this motion, claims the tax refund consists entirely of an Earned Income Credit ("EIC") that should be exempt under Arizona law as welfare assistance. In support of her position, Debtor relies on a memorandum decision from the Northern District of Illinois in which the court concluded that an EIC is public assistance as that term is defined under Illinois law and, therefore, exempt from collection by the Trustee under Illinois law. Because this case was not provided to the Court or the Trustee until the hearing on the Trustee's motion, the Court provided the Trustee with additional time to review the case and prepare a short brief on the matter. That having been completed, the matter is now ready for decision.

In an opt out state such as Arizona, exemptions are controlled by a combination of state law and non-bankruptcy federal law. Assuming for purposes of this motion that the entire tax refund is identifiable as an EIC, the Court agrees that the Internal Revenue Code identifies the credit as a form of welfare to benefit low income workers. 26 U.S.C. § 32. However, neither the IRC nor any other non-bankruptcy federal law provides an exemption for an EIC. Therefore, this issue is controlled by applicable Arizona law. Debtor argues that an EIC qualifies under Title 46 of the Arizona Revised Statutes ("A.R.S.") as "welfare assistance" as that term is defined in Title 46.[1] Based on the following, the Court concludes that it does not qualify for any

---

[1]This is an issue of first impression in this Court; however, it was addressed to a limited extent in *In re Ferns,* 232 B.R. 453 (Bankr. Ariz. 1999). The Court concluded in *Fern* that the

state exemption.

A.R.S. section 46-208 provides that "assistance *granted under this title* is not transferable or assignable at law or in equity, and none of the money *paid or payable under this title* shall be subject to execution, levy, attachment, garnishment or other legal process, or to the operation of any bankruptcy or insolvency law." (Emphasis added). The clear language of section 46-208 provides that the assistance given must be that which is granted pursuant to Title 46. In this case, the EIC is assistance that is granted by the Internal Revenue Code, and not by Arizona's Title 46.

In contrast, the Illinois statute analyzed by the Northern District of Illinois court in *In re Ray* specifically exempts the "debtor's right to receive . . . a social security benefit, unemployment compensation, or public assistance benefit." Unlike the phrase "assistance" in Arizona's Title 46, the phrase "public assistance benefit" was not statutorily defined in Illinois. The court, therefore, turned to the purpose of the EIC under federal law and concluded that it qualified as a "public assistance benefit" because it was intended to help poor working families meet basic expenses. Public assistance for purposes of being exempt is defined far more narrowly in Arizona.

While there are no Arizona cases on point, the case in *In re Su Thompson,* 336 B.R. 800 (Bankr. Nev. 2005), out of the Nevada bankruptcy court is highly instructive. The debtor in *Su Thompson* sought to exempt her EIC under a Nevada welfare statute drafted nearly identically to one found in Arizona's Title 46:

> Assistance awarded pursuant to the provisions of this chapter is not transferable or assignable at law or in equity and none of the money paid or payable under this chapter is subject to execution, levy, attachment, garnishment or other legal process, or to the operation of any bankruptcy or insolvency law.

The court concluded that federal EICs are not paid or payable pursuant to any state administered public welfare program under that statutory chapter, but is instead "delivered through the mechanism of a refundable credit pursuant to federal tax law. The State of Nevada neither funds

---

EIC was property of the estate and not subject to any express federal exemption. Because the debtors had not claimed any state exemption, that issue was left for another day.

nor administers the federal earned income credit. The statute is clear on its face." Other courts have similarly so held. *See In re Collins,* 170 F.3d 512 (5th Cir. 1999); *In re Trudeau,* 237 B.R. 803 (10th Cir. BAP 1999); *In re Goertz,* 202 B.R. 614 (Bankr. W.D. Mo. 1996).

For these reasons, the Court finds that the tax refund is not exempt and grants the Trustee's motion to compel. The Trustee shall submit a form of order consistent with this decision for the Court's signature.

So ordered.

**DATED: May 7, 2007**

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

Lawrence J. Warfield
P.O. Box 14647
Scottsdale, Arizona 85267-4647
Chapter 7 Panel Trustee

Helen H. Builder
7500 E. Deer Valley Rd., #197
Scottsdale, Arizona 85255
Debtor

Elizabeth A. Winter
8655 E. Via de Ventura, Suite G-235
Scottsdale, Arizona 85258
Attorney for Debtor

Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003

3

4